UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CHARLES LORING,

    Plaintiff,

v.                                  Case No: 2:13-cv-821-FtM-38CM

WANTED DEAD OR ALIVE,
L.L.C., CHRISTOPHER ONCKEN,
CHRISTINE E. HORGAN and
VICTORIA E. ONCKEN,

    Defendants.

## REPORT & RECOMMENDATION[1]

Before the Court is the Parties' Renewed Joint Motion and Memorandum of Law in Support of Request for Approval of Settlement (Doc. 31), and the Settlement Agreement and Final Release of Claims (Doc. 31-1, "settlement agreement") was filed for the Court's review. Plaintiff Charles Loring ("Loring") is requesting that the Court approve the parties' settlement of the Fair Labor Standards Act ("FLSA") claim. For the reasons set forth herein, the Court recommends that the settlement be **APPROVED**.[2]

To approve the settlement, the Court must determine whether the settlement

---

[1] Failure to file written objections to the proposed findings and recommendations contained in this report within **fourteen (14)** days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

[2] The Court denied Plaintiff's first request for settlement approval without prejudice because it contained a confidentiality provision. Doc. 30. The parties have re-filed the settlement agreement with the confidentiality provision removed. Doc. 31-1.

is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the Fair Labor Standards Act. *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982). There are two ways for a claim under the FLSA to be settled or compromised. *Id.* at 1352-53. The first is under 29 U.S.C. § 216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees. *Id.* at 1353. The second is under 29 U.S.C. § 216(b) when an action is brought by employees against their employer to recover back wages. *Id.* When the employees file suit, the proposed settlement must be presented to the district court for the district court's review and determination that the settlement is fair and reasonable. *Id.* at 1353-54.

The Eleventh Circuit found settlements to be permissible when the lawsuit is brought by employees under the FLSA for back wages because the lawsuit

> provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* at 1354.

In this case, Plaintiff worked as a vehicle transporter for Defendants from approximately November 2011 to March 2012. Doc. 31 at ¶ B.1. As a reasonable compromise of the disputed issues, Defendants have agreed to pay Plaintiff the sum

of $500.00 for overtime wages and an additional $500.00 in liquidated damages. Defendants further agree to pay Plaintiff's attorney's fees and costs in the amount of $4,000.00. The parties assert that the amount of attorneys' fees was negotiated separately from Plaintiff's recovery and did not affect the amount of recovery. Doc. 31 at 5. Pursuant to *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009),

> the best way to insure that no conflict [of interest between an attorney's economic interests and those of his client] has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered. If these matters are addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement.

Although the Court must consider the reasonableness of any award of attorney's fees, it is not required to conduct an in-depth analysis of the award unless it is unreasonable on its face. *Bodnar v. Gourmet Hut, Inc.*, No. 3:13-cv-709-J-34JRK, 2014 WL 757981, at *3 n.4 (M.D. Fla. Feb. 26, 2014) (order adopting report and recommendation).

The fee in this case appears to be reasonable, and the parties agree that the amount of settlement to Plaintiff is a "fair and reasonable" settlement. Doc. 31 at 5. Moreover, the settlement was reached and the attorneys' fees were agreed upon separately, without regard to the amount paid to the Plaintiff. Thus, having reviewed the settlement documentation (Doc. 31-1), the Court concludes that the settlement is a fair and reasonable resolution of a bona fide dispute under the FLSA.

ACCORDINGLY, it is respectfully

**RECOMMENDED**:

1. The Parties' Renewed Joint Motion and Memorandum of Law in Support of Request for Approval of Settlement (Doc. 31) be **GRANTED,** and the Settlement Agreement (Doc. 31-1) be **APPROVED** by the Court as a fair and reasonable resolution of a bona fide dispute under the FLSA.

2. The Court enter an order **DISMISSING** this action and the Clerk be directed to close the file.

**DONE** and **ENTERED** in Fort Myers, Florida on this 29th day of July, 2014.

CAROL MIRANDO
United States Magistrate Judge

Copies:

Honorable Sheri Polster Chappell
Counsel of record